**RECEIVED**
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 3 / 28 / 11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **JEREMY LAMAR HARRIS (#24884-001)** | DOCKET NO. 11-CV-0044; SEC. P |
| **VERSUS** | JUDGE DEE D. DRELL |
| **USA** | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Pro se petitioner Jeremy Lamar Harris filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on February 10, 2011. Petitioner is in the custody of the Federal Bureau of Prisons, and is incarcerated at the Federal Correctional Institution in Pollock, Louisiana (FCI-P). He claims that Title 18 of the United States Code is non-existent; therefore, he should immediately be released from custody.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DENIED AND DISMISSED**.

### Background

On March 31, 2005, Petitioner plead guilty to and was convicted of:

(A) one count of Conspiracy to Distribute and Possess with the Intent to Distribute Fifty Grams or More of Cocaine Base in violation of 21 U.S.C. §846,

(B) one count of Possession with the Intent to Distribute Five Grams or More of Cocaine Base in violation of 21 U.S.C. §841(a)(1) and (b)(1)(B),

    (C)    one count of Conspiracy to Commit Money Laundering in violation of 18 U.S.C. §1956(h), and

    (D)    nine counts of money laundering in violation of 18 U.S.C. §1956(a)(1)(B)(I).

As a result, Counts 5, 6, 7, 9, 10, 11, 12, 13, 15, 16, 17, 19, and 20 thru 76 were dismissed on motion of the United States. [*U.S. v. Jeremy Lamar Harris*, Case Number 4:04-CR-322, Doc. #62] Petitioner received a downward departure from the sentencing guidelines. [*U.S. v. Jeremy Lamar Harris*, Case Number 4:04-CR-322, Doc. #62] He was committed to the custody of the United States Bureau of Prisons for a term of 240 months.

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2255 in the Northern District of Alabama, which was denied and dismissed with prejudice.

### Law and Analysis

Although Petitioner filed this as a 2241 petition, his challenge is not to the execution of his sentence, but to the validity of his conviction and sentence, which is properly presented in a 28 U.S.C. §2255 motion. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). However, Petitioner has previously filed a motion under 28 U.S.C. §2255. [*Harris v. U.S.*, #4:06-cv-8006 Northern District of Alabama] In order to file a second §2255 petition in this case, Petitioner would have to file a motion in the proper appellate court authorizing the district court to consider the second 2255 application.

2

In order to proceed under §2241, Petitioner would have to establish that §2255 is "inadequate or ineffective to test the legality of his detention." §2255(e); <u>Jeffers v. Chandler</u>, 253 F.3d 827, 830 (5th Cir. 2001). To show that §2255 was rendered inadequate or ineffective in his case, Petitioner must show that his claim (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense"; and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first §2255 motion." <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir. 2001). Petitioner cannot satisfy that standard.

Petitioner oes not contend that §2255 is inadequate or ineffective. He does not cite any Supreme Court case or circuit law whatsoever. Instead, Petitioner claims that Title 18 of the United States Code does not exist because Congress did not have a quorum present for its vote; thus, federal courts do not possess criminal jurisdiction over any federal criminal statute.[1] Petitioner's declaration that Title 18 is invalid because Congress

---

[1] Even if this outrageous argument was true, Petitioner was convicted and sentenced under both Title 18 **and** Title 21 of the United States Code.  He faced a mandatory life sentence for the conviction of Count 1 under Title 21.  Fortunately for Petitioner, he received a downward departure from the sentencing guidelines pursuant to **Title 18**.  Thus, without the existence of Title 18, Petitioner would have been sentenced to life in prison.

did not have a quorum when it voted, and because it was not identically passed by the House and Senate is unsupported and conclusory. Title 18 of the United States Code has never been declared unconstitutional. Petitioner's argument is absurd.

Furthermore, Petitioner names the United States of America as Respondent. The doctrine of sovereign immunity "renders the United States, its departments, and its employees in their official capacities as agents of the United States immune from suit except as the United States has consented to be sued." <u>Williamson v. United States Dep't of Agriculture</u>, 815 F.2d 368, 373 (5th Cir. 1987). The proper respondent in a suit for habeas corpus pursuant to 28 U.S.C. §2241 is the person who exercises custody over the petitioner, in this instance, the Warden at FCI-P. See e.g. <u>Rumsfeld v. Padilla</u>, 542 U.S. 426 (2004). It is clear that even if the proper respondent was substituted for the named respondent in this case, Petitioner's petition is frivolous and without merit.

For the forgoing reasons, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED** with prejudice as frivolous and for lack of jurisdiction.

### *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or

responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, on this 28 day of March, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE